IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORMAN CRITTENDEN, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-04-3633 |
| § | |
| DOUG DRETKE, DIRECTOR, TEXAS § | |
| DEPARTMENT OF CRIMINAL JUSTICE, § | |
| CORRECTIONAL INSTITUTIONS § | |
| DIVISION, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS**

Pending is Respondent's Motion to Dismiss for Failure to Request Permission from the Fifth Circuit to File a Successive Petition (Document No. 20). Also pending is Petitioner's Motion for Summary Judgment (Document No. 7), Petitioner's "Motion for [a] Specific Order of No Extension of Time Without Supporting Affidavit" (Document No. 16), Petitioner's "Motion for an Order of Release of the Petitioner on Personal Recognizance Bond" (Document No. 17), Petitioner's Motion to Strike Respondent's Motion to Dismiss (Document No. 22), and Petitioner's Motion for a Hearing on Respondent's Motion to Dismiss (Document No. 27). Having considered the motions, Petitioner's previous federal habeas corpus proceeding in this Division of this District, *Crittenden v. Johnson*, Civil Action No. H-98-300, and the applicable law, the Court ORDERS, for the reasons set forth below, that Respondent's Motion to Dismiss is GRANTED, and this § 2254 proceeding is dismissed without prejudice under 28 U.S.C. § 2244(b)(3)(A) as a second or successive habeas

corpus application for which Petitioner has not received authorization by the Fifth Circuit Court of Appeals to file. Petitioner's motions (Document Nos. 7, 16, 17, 22 and 27) are all DENIED.

Petitioner Norman Crittenden ("Crittenden") is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division, pursuant to a 1993 felony conviction in the 278th District Court of Walker County, Texas, Cause No. 17,626-C, for possession of a deadly weapon in a penal institution, for which he was sentenced to fifty years imprisonment. That conviction was affirmed on appeal by the Texas Court of Appeals for the First District of Texas on August 17, 1995. *Crittenden v. State*, 923 S.W.2d 632 (Tex. App.–Houston [1st Dist.] 1995, pet ref'd). Crittenden filed a petition for discretionary review, which was refused by the Texas Court of Criminal Appeals on October 23, 1995.

Crittenden has filed four state applications for writ of habeas corpus, and one prior federal habeas corpus proceeding, in which he challenged his conviction in Cause No. 17,626-C. *See Ex Parte Crittenden*, Application Nos. 19,905-10, -12, -14, -15; *Crittenden v. Johnson*, Civil Action No. 98-300. Crittenden's first state application for writ of habeas corpus was denied by the Texas Court of Criminal Appeals on June 22, 1994. *Ex Parte Crittenden,* Application No. 19,905-10. The three other state applications for writ of habeas corpus were dismissed as abuse of the writ on September 24, 1997, July 30, 2003, and May 26, 2004.

On January 28, 1998, Crittenden filed his first federal application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Cause No. 17,626-C. *Crittenden v. Johnson*, Civil Action No. H-98-300 (referred to hereafter as "prior federal habeas corpus proceeding"). That prior federal habeas corpus proceeding was dismissed as time barred on March 29, 2000. Thereafter, Fifth Circuit Court of Appeals denied Crittenden a certificate of appealability.

Crittenden filed this, his second federal application for writ of habeas corpus challenging the validity of his conviction in Cause No. 17,626-C, on September 20, 2004. In this proceeding, Crittenden raises essentially one claim: that his sentence, which was in part based on a prior felony conviction from the State of Illinois, which has recently been modified to a misdemeanor conviction, is void and/or illegal. Crittenden admittedly did not raise this claim in his prior federal habeas corpus proceeding, but maintains that he could not raise the claim in his prior federal habeas corpus proceeding because the prior conviction was just recently modified.

28 U.S.C. § 2244(b) governs the filing and consideration of second or successive habeas corpus applications under 28 U.S.C. § 2254 by persons in custody pursuant to the judgment of a State court. Pursuant to § 2244(b)(3)(A),

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Here, Crittenden has not been authorized by the Fifth Circuit Court of Appeals to pursue a second or successive federal application for writ of habeas corpus, as is required by 28 U.S.C. § 2244(b)(3). Accordingly, this action must be dismissed for lack of jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"). Accordingly, it is

ORDERED that Respondent's Motion to Dismiss for Failure to Request Permission from the Fifth Circuit to File a Successive Petition (Document No. 20) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 2244(b)(3) for lack of jurisdiction. It is further

ORDERED that Petitioner's Motions (Document Nos. 7, 16, 17, 22 and 27) are DENIED.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas, this 16th day of June, 2005.

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge